**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

VALVOLINE COMPANY,

       Plaintiff,

v.                                             Case No. 09-10828

MAGIC QUICK LUBE #4,

       Defendant.
_____/

**JUDGMENT OF PERMANENT INJUNCTION**

In accordance with the court's July 31, 2009 "Order Granting Plaintiff's 'Motion for Preliminary Injunction,'" Defendant having failed to respond or otherwise defend this case, and the Court being otherwise fully advised in the premises:

IT IS ORDERED that Defendant be, and hereby is, permanently enjoined, along with its officers, agents, servants, employees and attorneys and any and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, as follows:

       1.     Using the marks, trademarks or service marks or any variation thereof or any other trademark confusingly or deceptively similar to Plaintiff's "Valvoline®" trademark and its "V®" trademark or any other documents, letters, literature, advertisements, or other graphic materials, in a manner, style, or form which imitates or is confusingly similar to Plaintiff's registered trademarks and service marks or otherwise indicates or tends to represent that the Defendant is authorized, associated, affiliated, sponsored or approved by Plaintiff, including but not limited to signs that misspell the Valvoline name (e.g.,

"Valvolane"); signs that use the "V®" with different colors or other minor modifications; and patches on uniforms or coveralls that display the word "Valvoline" or the Valvoline "V®."

2.   Preparing and circulating letters, literature, advertisements and other graphic materials which have a manner, style or form which indicates or tends to represent that Defendant is in any manner associated, affiliated, sponsored or approved by Valvoline;

3.   Using, displaying or otherwise presenting the aforementioned marks on its letters, literature, advertisements, graphic materials, outdoor displays, invoices, and the like in a manner, style or form which indicates or tends to represent that Defendant is associated, affiliated, sponsored or approved by Valvoline; and

4.   Causing likelihood of confusion, injury to business reputation or dilution of the distinctiveness of the aforementioned marks.

IT IS FURTHER ORDERED that Defendant allow Valvoline representatives to pick up all advertisements, catalogs, brochures, outdoor displays, indoor displays, stickers, signs, tags, banners, and other materials in its possession or under its control which carry the mark or marks of Plaintiff within ten (10) business days from the date of this Order or otherwise permanently cover up (e.g., paint over) or destroy the marks owned by Valvoline.

IT IS FURTHER ORDERED that a fine of not less than $100 per day shall be imposed for every day that it is established that Defendant has displayed or utilized any of the forgoing materials and for every day thereafter that it fails to comply with the Court's Order, with the understanding the Defendant has ten (10) business days from the date of this Order to allow Valvoline representatives to pick up the materials identified above or otherwise permanently cover up (e.g., paint over) or destroy the marks owned by Valvoline.

IT IS FURTHER ORDERED that failure to comply with any part of this Order within ten (10) business days from the date it is mailed to Defendant at 14070 East Eight Mile Road, Detroit, MI 48205, will result in the United States Marshal being authorized to accompany a representative of Valvoline to remove all of the above-mentioned signs, displays, service marks and the like.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2009, by electronic and/or ordinary mail.

 S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522